Frank Zorrilla, Secretario del Trabajo de Puerto Rico, querellante y recurrente, *v.* Grand Union de Puerto Rico, S. A., querellada y recurrida.

*Número:* R-65-8      *Resuelto:* 30 de junio de 1966

*Manuel Janer Mendía* y *Alberto Pagán Pagán,* abogados del recurrente; *McConnell, Valdés & Kelley* y *Cancio & Cancio,* abogados de la recurrida.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Blanco Lugo y Ramírez Bages.

El Juez Asociado Señor Belaval emitió la opinión del Tribunal.

Las partes han estipulado que la Grand Union de Puerto Rico, S. A., durante el período del 3 de mayo de 1959 hasta el 26 de julio de 1961, empleó a ciertos trabajadores para trabajar cada semana de seis días de seis de la tarde a siete de la noche de lunes a viernes, y de nueve a diez la noche del sábado, pero sin que el número total de horas trabajadas por cada uno de ellos excediere de ocho horas diarias o de cuarenta y ocho horas a la semana, pagándole a tipo sencillo dicha hora diaria.

La contención del Secretario del Trabajo de Puerto Rico es que dicha hora diaria tiene que pagarse a tipo doble porque así lo dispone expresamente la Ley Núm. 379 de 1948 para establecer la jornada de trabajo en Puerto Rico. Entiende la Grand Union de Puerto Rico, S.A., que no viene obligada a pagar dicho tipo doble, porque así lo permite la Ley Núm. 250 de 9 de mayo de 1950, según enmendada por la Ley Núm. 78 de 13 de junio de 1953.

Al aprobarse la Ley Núm. 379 de 15 de mayo de 1948, estaba en vigor el Art. 553 del Código Penal de Puerto Rico

de 1937 que disponía: "Los domingos, durante todo el día excepto cuando fueren domingos los días 24 de diciembre y primero y 5 de enero; el primer lunes de septiembre (*Labor Day*), y el día 4 de julio; los días de fiesta legal desde las 12 A.M.; todos los sábados desde las 9 P.M.; todos los días laborables desde las 6 P.M. y los días 24 y 31 de diciembre y 5 de enero de cada año, desde las 10 P.M., permanecerán cerrados al público; y una hora después de cerrados, no se permitirá ninguna clase de trabajo para los empleados en los establecimientos comerciales e industriales . . ."—después sigue una prolija enumeración de las empresas y establecimientos exceptuados del cierre y se añade esta disposición— "los empleados y dependientes de las empresas y establecimientos no exceptuados por la ley, que presten sus servicios a base de un salario anual, mensual, semanal en cualquier forma, que no sea por jornal o ajuste a un tanto alzado, tendrán derecho a un día de descanso por cada seis de trabajo, con salario íntegro."; estaba en vigor además la Ley Núm. 289 de 9 de abril de 1946 fijando un día de descanso por cada seis (6) días de trabajo en beneficio de los empleados de establecimientos comerciales e industriales, empresas y negocios lucrativos que *no estuvieren sujetos a las disposiciones sobre cierre al público del Art. 553 del Código Penal*, según ha sido subsiguientemente enmendado, disponiendo que las horas trabajadas durante el día de descanso se pagarán a un tipo de salario igual al doble del tipo convenido para las horas regulares y para otros fines, que dispone: Todo empleado de cualquier establecimiento comercial o industrial, empresa o negocio lucrativo que no estuviere sujeto a las disposiciones sobre cierre al público del Art. 553 del Código Penal de Puerto Rico, según ha sido subsiguientemente enmendado, tendrá derecho a un día de descanso por cada seis (6) días de trabajo; a los efectos de esta Ley, se entenderá por día de descanso un período de veinticuatro (24) horas consecutivas; las disposiciones de esta Ley no se

aplicarán a trabajos ocasionales o por ajuste; ningún patrono podrá deducir suma alguna del salario de ningún empleado por concepto del día de descanso que establece esta Ley; todo patrono que emplee o permita que un empleado trabaje durante el día de descanso que se establece en esta Ley vendrá obligado a pagarle por las horas trabajadas durante dicho día de descanso un tipo de salario igual al doble del tipo convenido para las horas regulares; a los efectos de esta Ley, se entenderá por empleado a cualquier empleado, obrero, dependiente, trabajador, jornalero o persona que preste servicio para un patrono mediante salario, sueldo o cualquier otra forma de compensación; estaba en vigor además la Ley Núm. 80 de 5 de mayo de 1931, según enmendada por la Ley Núm. 24 de 15 de abril de 1935 y vuelta a enmendar por la Ley Núm. 418 de 14 de mayo de 1947, cuya sección primera dispone: "Por la presente, el Comisionado del Trabajo queda autorizado para conceder permisos a los patronos o dueños de establecimientos industriales y comerciales para emplear obreros o empleados en las horas extras del día o de la noche que, a juicio de dicho Comisionado, fueren necesarias con el fin de permitir a dichos patronos o dueños la terminación de trabajos urgentes o necesarios que deban efectuarse dentro del tiempo determinado en talleres, fábricas, factorías o cualquier establecimiento industrial o comercial en Puerto Rico . . . . *Disponiéndose,* que cualquier tiempo extra que fuere trabajado por los obreros o empleados de dichos establecimientos industriales o comerciales, una vez autorizados sus patronos o dueños de acuerdo con las disposiciones de esta Ley, será pagado a razón de un tipo doble de salario por hora, si los referidos obreros o empleados hubieran trabajado en ese mismo día durante un período total de ocho o más horas y un tipo sencillo de salario si se tratare de obreros o empleados que no hubieren trabajado durante las ocho horas inmediatamente precedentes al período de trabajo extra."

El Art. 4 de la Ley Núm. 379 de 15 de mayo de 1948 para establecer la jornada de trabajo en Puerto Rico, proveer el pago de un tipo doble de salario por las horas trabajadas en exceso de la jornada legal, fijar períodos de descanso, etc., que es la disposición que parece haber creado el conflicto de interpretación en este caso, no es otra cosa que una reformulación compendiada de las leyes, anteriormente acotadas, usando como radical la compensación doble por horas extras en exceso de las ocho horas diarias y cuarenta y ocho horas semanales. Dice así dicho Art. 4: "Son horas extras de trabajo: (a) Las horas que un empleado trabaja para su patrono en exceso de ocho horas durante cualquier período de veinticuatro horas consecutivas; (b) las horas que un empleado trabaja para su patrono en exceso de cuarenta y ocho horas  durante cualquier semana, a menos que las horas trabajadas diariamente en exceso de ocho sean pagadas a tipo doble; (c) las horas que un empleado trabaja para su patrono en exceso de las horas señaladas por el Comisionado del Trabajo en el aviso público que debe hacer conforme al artículo 3 de esta Ley; (d) las horas que un empleado trabaja para su patrono durante los *días* u *horas* en que el establecimiento en que presta servicio deba permanecer cerrado al público por disposición legal; *Disponiéndose, sin embargo*, que no serán horas extras las horas que el empleado trabaja para su patrono durante los días u horas en que el establecimiento deba permanecer cerrado al público cuando el patrono ha obtenido del Comisionado del Trabajo el permiso requerido por la Ley Núm. 80 de 5 de mayo de 1931, según ha sido o fuere subsiguientemente enmendada, y la totalidad de horas trabajadas por el empleado durante ese día no exceda de ocho horas ni la totalidad de horas trabajadas durante la semana exceda de cuarenta y ocho horas; (e) las horas que un empleado trabaja para su patrono durante el día de descanso que se haya fijado o fijare por ley en el caso de industrias y negocios que no están sujetos al cierre de su

establecimiento; (f) las horas que el empleado trabaja para su patrono en exceso del máximo de horas de labor al día que la Junta de Salario Mínimo haya fijado o fijare para la ocupación, negocio o industria en cuestión; (g) las horas que el empleado trabaja para su patrono en exceso del máximo de horas de labor al día fijado en un convenio colectivo de trabajo." A renglón seguido, el Art. 5 de la Ley Núm. 379 dispone que: "Todo patrono que emplee o permita que trabaje un empleado durante horas extras vendrá obligado a pagarle por cada hora extra un tipo de salario igual al doble del tipo convenido para las horas regulares. . . ."

Aislando, del resto del problema, la disposición del Art. 4(d) de dicha Ley Núm. 379 de 1948, es indudable que el primer término que contiene dicho inciso—"las horas que un empleado trabaja para su patrono durante los *días* u *horas* en que el establecimiento en que presta servicio deba permanecer cerrado al público por disposición legal"—es una reformulación de la prohibición de trabajar ciertos días—domingos, día del Trabajo, el 4 de julio, el medio día de los días de fiesta legal—y de ciertas horas—los sábados después de las nueve de la noche, los días laborables desde las seis de la tarde, y los días 24 y 31 de diciembre y 5 de enero de cada año, desde las 10 de la noche—además de una referencia clara y directa al Art. 553 del Código Penal de Puerto Rico, siendo éste la *disposición legal* a que se refiere el primer término arriba acotado, en vigor a la fecha en que se aprueba la Ley Núm. 379.

El Art. 553, en aquella parte que dispone el día de descanso, es el que empieza a equiparar la prohibición de trabajar durante ciertos días y después de determinadas horas con el día de descanso por cada seis días de trabajo con salario íntegro para los empleados y dependientes de las empresas y establecimientos *sujetos al cierre.* La disposición que ha de conceder igual compensación a los empleados de los establecimientos comerciales e industriales *no* sujetos al

cierre está a la vuelta de la esquina—la Ley Núm. 289 de 9 de abril de 1946—siendo la única diferencia entre ambos estatutos que los empleados de los establecimientos comerciales e industriales sujetos al cierre recibirían compensación a tipo sencillo de acuerdo con el salario estipulado mientras los empleados de los establecimientos comerciales e industriales recibirían compensación a tipo doble en adición al salario regular. Esta diferencia es la que resuelve la Ley Núm. 379 de 15 de mayo de 1948 al disponer por su Art. 4 incisos (d) y (e) que serán horas extras (d) "las horas que un empleado trabaja para su patrono durante los días u horas en que el establecimiento en que presta su servicio deba permanecer cerrado al público por disposición legal"— entiéndase los días y las horas cubiertas por el Art. 553 del Código Penal de 1937—y "las horas que un empleado trabaja para su patrono durante el día de descanso que se haya fijado o se fijare por ley en el caso de industrias y negocios que no están sujetos al cierre de su establecimiento", cuyas horas extras todas deben satisfacerse por el patrono a un tipo de salario por hora igual al doble del tipo convenido para las horas regulares.

Ahora bien la prohibición del Art. 553 del Código Penal, en cuanto a días laborables se refiere, contiene dos disposiciones que pueden o no convertirse en una, dependiendo de una circunstancia que analizaremos en segundo término: (1) cierre del establecimiento al público y (2) cesación de trabajo de los empleados una hora después del cierre. De todos es sabido que esta última hora se emplea en los negocios de mercadería seca o de mercadería húmeda en distintas tareas que no pueden llevarse a cabo hasta que el establecimiento esté cerrado, tales como ordenar los géneros envolviéndolos en los carretes o restituyéndolo a sus cajas, cuadrar la contabilidad del día, revisar las órdenes de compra a ver si hay errores en el pago, limpiar los establecimientos, tomar las medidas sanitarias para proteger las mercaderías húmedas, adoptar las medidas de seguridad para evitar conatos

de incendio, descuidos en el cierre de las puertas y ventanas, todas estas menudas gestiones y otras que constituyen los usos mercantiles de la plaza. Ésa es la razón por la cual, todas las leyes de cierre nuestras, tienen esa hora de trabajo a puerta cerrada para terminar las operaciones de comercio del día.

Si dicha hora cae dentro de las ocho horas de la jornada de trabajo regular, aunque se trabaje después del cierre, constituye una hora regular de trabajo y no una hora extra. Para convertirse en una hora extra necesita estar trabajada en los días no laborables, en los cuales los establecimientos no se abren durante todo el día o estar trabajada en los días laborables después de haberse trabajado las ocho horas regulares de la jornada legal diaria. En este caso es que se produce la simultaneidad entre el cierre del establecimiento y la cesación de tarea del empleado o dependiente o el trabajo de una hora extra. Pero mientras la totalidad de horas trabajadas por el empleado durante ese día no exceda de ocho horas ni la totalidad de horas trabajadas durante la semana exceda de cuarenta y ocho horas, la hora trabajada después del cierre del establecimiento no se convierte en hora extra.

*Debe confirmarse la sentencia dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan, de fecha 3 de diciembre de 1964.*

Los Jueces Asociados Señores Blanco Lugo y Ramírez Bages concurrieron con el resultado.

—O—

Voto concurrente del Juez Asociado Señor Blanco Lugo con el cual concurre el Juez Asociado Señor Ramírez Bages

San Juan, Puerto Rico, a 30 de junio de 1966

Habiendo la parte querellada admitido expresamente que a la fecha de la presentación de la querella los obreros para

cuyo beneficio se interpuso la reclamación habían cesado en su empleo por un período mayor de 3 años, es procedente la defensa de caducidad interpuesta, *Srio. del Trabajo* v. *Tribunal Superior*, 91 D.P.R. 856 (1965), siendo ineficaz la alegada reclamación extrajudicial como medio interruptivo.

Concurro con el resultado.

Luis Blanco Lugo
Juez Asociado